Matter of Freidman (2018 NY Slip Op 03116)





Matter of Freidman


2018 NY Slip Op 03116


Decided on May 1, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice,
John W. Sweeny, Jr.
Sallie 
Manzanet-Daniels
Angela M. Mazzarelli
Troy K. Webber, Justices.


M-602

[*1]In the Matter of Evgeny A. Freidman, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Evgeny A. Freidman, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Evgeny A. Freidman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 14, 1997.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Evgeny A. Freidman was admitted to the practice of law in the State of New [*2]York by the First Judicial Department on April 14, 1997. At all times relevant herein, respondent has maintained a business office within the First Department.
The Attorney Grievance Committee (Committee) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(b) disbarring respondent, arguing that since he was suspended under 22 NYCRR 1240.9(a)(3), and has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, he may be barred without further notice.
Respondent was served with the motion by first class mail and certified mail return receipt requested at the same three addresses where he was served with the notice of entry, but no response has been filed with the Court.
The motion should be granted inasmuch as more than six months have elapsed since July 13, 2017, the date of respondent's suspension, and he has neither responded to nor appeared for further investigatory or disciplinary proceedings (see Matter of Hidalgo, 158 AD3d 1 [1st Dept 2017]; Matter of Antwi, 157 AD3d 55 [1st Dept 2017]).
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted, and his name stricken from the roll of attorneys in the State of New York effective immediately.
All concur.
Order filed. [May 1, 2018]
Petition granted, respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.